IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1053-REB-CBS

C.G., a minor child, by his parents and next friends,
JASON GALLEGOS, for himself and C.G.,
JENNIFER YARBROUGH, for herself and C.G.,

    Plaintiffs,

v.

THE CITY OF FORT LUPTON, COLORADO,
KEVIN HALLORAN, individually and in his official capacity as a Fort Lupton Police Officer,
CRYSTAL SCHWARTZ, individually and in her official capacity as a Fort Lupton Police Officer,
PAUL STIPE, individually and in his official capacity as a Fort Lupton Police Officer,
JOHN DOE, individually and in his official capacity as a Fort Lupton Police Officer,
WELD COUNTY RE-8 SCHOOL DISTRICT,
MARK PAYLER, individually and in his official capacity as Superintendent, Weld County RE-8 School District,
NATIVITY MILLER, individually and in her official capacity as Principal of Butler Elementary School,
STEPHANIE ANDERSON, individually and in her official capacity as Vice-Principal of Butler Elementary School,
CANDACE KENSINGER, individually and in her official capacity as Principal of Fort Lupton Middle School,

    Defendants.

**STIPULATION AND PROTECTIVE ORDER**
_____

    Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

1.      In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests as well the privacy interests of third parties who are not subject to this litigation.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, materials, videos and information, including without limitation, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

        a.   Defendants' personnel files;

        b.   Any student files or information contained in student files[1]; and

        c.   Confidential medical records.

The disclosure of student files and related confidential information requires parental notification and may also require consent.  Pursuant to the Family Education

Rights & Privacy Act ("FERPA"), "personal information shall only be transferred to a third party on the condition that such party will not permit any other party to have access to such information without the written consent of the parents of the student. If a third party outside the educational agency or institution permits access to information in violation of paragraph (2)(A), or fails to destroy information in violation of paragraph (1)(F), the educational agency or institution shall be prohibited from permitting access to information from education records to that third party for a period of not less than five years."  20 U.S.C. § 1232g(4)(B).

In addition, any information designated by a party as confidential will first be reviewed by that party's lawyer who will certify that the designation as confidential is "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed.R.Civ.P. 26(c)(7). *See Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

  3. Where Confidential Information is produced, provided or otherwise disclosed by the Parties in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request;

---

[1] Student records are confidential pursuant to FERPA, codified at 20 U.S.C. § 1232(g), and C.R.S. § 22-1-123.

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony; and

    d. With respect to live testimony, by making a record at the time of the testimony.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

 4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

 5. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, their undersigned counsel's employees and agents, insurance representatives and expert witnesses, shall hold Confidential Information in confidence and shall not

divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. The Parties recognize that the available sanctions for the violation of the protective order include, but are not limited to, the sanctions available under Fed.R.Civ.P. 37(b)(2)(A).

6.  By producing any Confidential Information or testifying on any matter later designated as "Confidential," no Party to this protective order waives any objection or challenge to the admissibility of any such Confidential Information.

7.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8.  During the pendency of this action, opposing counsel may inspect the list maintained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms deemed appropriate by the Court.

9.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by

experts in this case.  Any such copies shall be made and used solely for purposes of this litigation.

10. During pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom pursuant to paragraph 9 above

11. A Party may object to the designation of particular Confidential Information by giving written notice to the attorney for the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the attorney for the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. The fact that information is marked Confidential under this Protective Order will not automatically require that the information be subject to restricted access status.  In the event it is necessary for the Parties to file Confidential Information with

the Court in connection with any proceeding or motion, the moving party shall confer with the remaining parties regarding the need to restrict access to such information under D.C.COLO.L.CivR 7.2. After such conferral, a party may file a motion under D.C.COLO.LCivR 7.2(B) in the event that a party determines there are adequate grounds for filing such a motion under D.C.COLO.L.CivR7.2.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until termination of this case.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall promptly return to the producing party all Confidential Information provided subject to this Protective Order or the Parties may elect to destroy CONFIDENTIAL documents.  Where the Parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide confirmation that all such information has been destroyed. At that time, counsel shall provide opposing counsel with the list of individuals prepared pursuant to paragraph 7 above.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED at Denver, Colorado, on August 14, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

By s/ John Kenneth Pineau
*John Kenneth Pineau*
John Kenneth Pineau, P.C.
Grill Mansion
1435 Broadway
Boulder, Colorado 80203
Telephone: (303) 440-4444
Facsimile: (303) 449-2198
E-mail: johnpineau@yahoo.com


By s/ Ingrid J. DeFranco
*Ingrid J. DeFranco*
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, Colorado 80601-0128
Telephone: (303) 443-1749
Facsimile: (303) 558-4294
E-mail: Ingrid.defranco@gmail.com
*Attorneys for Plaintiff*


By  s/ Gillian M. Fahlsing
*Gillian M. Fahlsing*


By s/ Courtney B. Kramer
*Courtney B. Kramer*
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
E-mail: gfahlsing@sgrllc.com
ckramer@sgrllc.com
*Attorneys for Defendant Paul Stipe*

9

By s/ Josh A. Marks
*Josh A. Marks*


By s/ Melanie B. Lewis
*Melanie B. Lewis*
Berg Hill Greenleaf & Ruscitti, L.L.P.
1712 S. Pearl Street
Boulder, Colorado 80302
Telephone: (303) 402-1600
Facsimile: (303) 402-1601
E-mail: jam@bhgrlaw.com
mbl@bhgrlaw.com
*Attorneys for Defendants City of Fort Lupton, Halloran and Schwartz*


By s/ Michael W. Schreiner
*Michael W. Schreiner*
Caplan and Earnest, L.L.C.
1800 Broadway Street, Suite 200
Boulder, Colorado 80302
Telephone: (303) 443-8010
Facsimile: (303) 440-3967
E-mail: mschreiner@celaw.com
*Attorneys for Defendants Weld County School District RE-8, Mark Payler, Nativity Miller, Stephanie Anderson, and Candace Kensigner*

## AFFIDAVIT

STATE OF COLORADO )
                                          )ss
COUNTY OF                  )

_____, swears or affirms and states under penalty of perjury:

      1.    I have read the Protective Order in *Jason Gallegos, et al. v. The City of Fort Lupton, Colorado, et al.*, Civil Action No. 13-CV-1053-REB-CBS a copy of which is attached to this Affidavit.

      2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

      3.    I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

      4.    For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      5.    I will abide by the terms of the Protective Order.

_____
            (Signature)
_____
            (Print or Type Name)
Address:
_____
_____

      ***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2013, by_____.

      WITNESS my hand and official seal.

                                                        _____
                                                        Notary Public

      My commission expires:_____